UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BALZARINI,<br><br>Petitioner,<br><br>v.<br><br>JOE A. LIZARRAGA,<br><br>Respondent. | No. 2:19-cv-01199 GGH P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

////

1

petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Here, petitioner fails to specify the grounds for relief and instead refers the court and respondent to "see claims" in his 84-page petition. In its current form, the petition is a hybrid of grounds challenging petitioner's conditions of confinement based on deprivation of his prison property and grounds challenging particulars affecting the duration of confinement based on a loss of time credits. The former challenges are properly brought as an action pursuant to 42 U.S.C. § 1983, whereas the latter challenges relating to particulars affecting the duration of confinement fall within the province of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Petitioner will be provided an opportunity to amend his petition to allege grounds that entitle him to habeas relief in the district court. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).

Accordingly, the petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. Petitioner must take care to not include in his amended petition claims challenging the conditions of petitioner's prison life, as a writ of habeas corpus is not the appropriate vehicle for relief challenging his prison conditions. Instead, in the amended petition, petitioner must set forth each claim for *habeas relief* and summarize the facts he alleges support each of the identified claims. Moreover, petitioner must show that he has exhausted his state court remedies with respect to each of the grounds raised.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed;

////

////

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the court's form application for writ of habeas corpus.

Dated: July 19, 2019

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.