UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL BALZARINI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOE A. LIZARRAGA,<br><br>　　　　　Respondent. | No. 2:19-cv-01199 GGH P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding in pro se, has filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 4. This proceeding was referred to the undersigned Magistrate Judge by Local Rule 302 and 28 U.S.C. § 636(b)(1).

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases.[1] Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

---

[1] The Rules Governing Habeas Corpus Cases Under Section 2254 Cases can be applied to petitions other than those brought under § 2254. See Rule 1(b) of the Rules Governing § 2254 Cases.

1

petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

In its current form, it is unclear whether petitioner is seeking to challenge the execution of his sentence through a federal habeas action under 28 U.S.C. § 2241 for loss of time credits or whether he is seeking to challenge his conditions of confinement through a civil rights action under 42 U.S.C. § 1983. Nevertheless, the first amended petition fairs no better than the original petition in deciphering which action petitioner seeks to pursue. As in his original petition, petitioner refers the court and respondent to "see claims" in his petition of which he attaches exhibits relating to separate violations that appear to have occurred in Mule Creek State Prison, where petitioner was previously housed, and California Institution for Men in Chino, where petitioner is currently being housed. See ECF No. 4 at 16-35. Due to the convoluted nature of the petition, the court cannot clearly determine whether this court is even the proper venue to address petitioner's action. However, the court will grant petitioner one more opportunity to amend his petition.

If petitioner seeks to "challenge the manner, location, or conditions of a sentence's execution," he must bring this action pursuant to 28 U.S.C. § 2241 in the custodial court. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Consistently, petitioner must file his habeas action in the district where he is presently housed which is located in the Central District of California. However, if instead petitioner is seeking to challenge conditions of confinement based on a deprivation of his prison property, petitioner must file a §1983 petition alleging **only** violations relating to those circumstances of confinement. From the limited information the court can gleam for the first amended petition, a §1983 action is appropriately filed in this district. In amending his petition/complaint, petitioner must take care to parse his actions separately instead of filing them as a single action. Petitioner is further warned that failure to abide by the court's instructions may risk dismissal of the petition for failure to state a cognizable claim.

////

////

////

At this time the court will not rule on petitioner's application to proceed in forma pauperis because the undersigned cannot discern which action petitioner intends to proceed. Upon the screening of the amended petition or civil rights petition, the court will assess the in forma pauperis application.

Accordingly, IT IS HEREBY ORDERED that:

1. The court defers consideration of plaintiff's application to proceed in forma pauperis (ECF No. 5);

2. The first amended petition (ECF No. 4) is dismissed with leave to amend. Petitioner is granted leave to file a second amended petition or an amended civil rights action. Failure to comply with this order will result in dismissal of this action; and

3. The Clerk of the Court is directed to provide plaintiff with the form for filing a civil rights action, pursuant to 42 U.S.C. § 1983, and the form for filing a habeas corpus petition, pursuant to 28 U.S.C. § 2241.

Dated: September 25, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE