UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MICHAEL BALZARINI, | No. 2:19-cv-01199 GGH P |
| Petitioner, | |
| v. | ORDER |
| JOE A. LIZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is presently incarcerated at California Institution for Men in San Bernardino County.

Petitioner filed this action in the Eastern District on June 28, 2019, complaining about a disciplinary conviction with loss of time credits. ECF No. 1. After attempting twice to have petitioner set forth understandable, concise claims, and after having advised petitioner of the differences between habeas petitions and 42 U.S.C. §1983 civil rights actions, petitioner filed a "Second Amended Prisoner Civil Rights Complaint" purporting to set forth a civil rights claim. See ECF Nos. 3, 4, 8, 10. However, the entire substance of the "complaint" is an attack on the validity of the disciplinary proceedings, and the relief sought is a "reversal" of the disciplinary conviction; no damages or other civil rights relief is sought. ECF No. 10. This "complaint" is hereby ordered construed as a habeas corpus petition brought pursuant to 28 U.S.C. § 2254 (see

below why the undersigned does not consider this petition as one contesting the execution of sentence).

The second issue presented here is the proper venue for this habeas corpus petition. The issue of proper venue for disciplinary convictions is far from clear.[1] The issue to be decided is whether a prison disciplinary "conviction," i.e. administrative finding after hearing, is to be likened to a state court conviction, or whether it simply involves the execution of the underlying criminal judgment sentence. If it involves a "conviction", the general rule that venue is most appropriate in the district of conviction should apply. See, e.g., Mckinney v. Biter, No. 15-cv-05153-LB, 2016 WL 741984, at *3 (N.D. Cal. Feb. 25, 2016) (setting forth the long-held rule in the Northern District of California which is routinely applied in the Eastern District). On the other hand, if a disciplinary finding is simply part of the post-judgment process in which the execution of the state judgment sentence is affected, the district of confinement is the appropriate place to hear such a habeas action. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (prisoner alleged that his detention in a Washington facility was unfairly impinging upon the execution of his federal sentence).

The undersigned and other courts, without much analysis, have likened the disciplinary finding to a "conviction," for habeas venue purposes, finding for the most part that the district in which the disciplinary hearing is held (most of the time also the district in which the infraction took place) is the appropriate venue for a resultant habeas action. Castro v. Sisto, No. CIV S-09-0153GGHP, 2009 WL 197974 (E.D. Cal. Jan. 26, 2009); King v. Pliler, No. C 00-2382 TEH

---

[1] Venue is a procedural issue which distracts from, or delays, the major goal of the justice system—efficient resolution of disputes on their merits, if possible. Venue rules in civil cases initially developed as a type of fairness to individual civil litigants and these rules generally required them to litigate their issues in the most appropriate and least economically burdensome forum. This fairness concern is less important in systemic cases brought by prisoners in one discrete state jurisdiction, i.e., the attorneys for the state defending prison determinations, for the most part, are employed by statewide entities, and evidentiary hearings in habeas cases are infrequent indeed. Nevertheless, venue rules are not only important to litigants, more or less, but also to the courts hearing cases. In the prisoner litigation context, courts must be sensitive to transferring cases lest such a transfer ultimately be seen as one district attempting to shed its cases to the detriment of another. On the other hand, districts should not be burdened by cases which rules counsel do not belong in the district. General rules have been developed, especially in habeas cases, which are designed to streamline the venue distractions and potential unfairness, and get a case resolved on its merits. Adherence to these rules enhances court efficiency.

(PR), 2000 WL 1456938 (N.D. Cal. Sept. 27, 2000); Arceo v. Ayers, No. CIV. 07CV1331-WQH (LSP), 2007 WL 2226004 (S.D. Cal. July 31, 2007) (place of infraction).  Other courts, including a judge within the Eastern District of California have found, albeit again without much analysis, the disciplinary process to be nothing more than an execution of judgment issue, and then finding that the district of incarceration when the habeas is brought is the appropriate district in which to litigate. Perez v. Spearman, No. 1:14-cv-02052-LJO-SKO-HC, 2015 WL 128116 (E.D. Cal. Jan. 8, 2015); Gaston v. Hedgepeth, No. 1:10-cv-1578-SKO (HC), 2010 WL 3504914 (E.D. Cal. Sept. 7, 2010).

The undersigned views the matter settled by a Ninth Circuit case, in an Anti–Terrorism and Effective Death Penalty Act ("AEDPA") statute of limitations context, which held that a disciplinary conviction equated to a "judgment of a state court" for AEDPA purposes. Shelby v. Bartlett, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Shelby should be applied here.  It makes little sense for a disciplinary finding to be equated to a state court judgment in one AEDPA context but found to be nothing more than an administrative diktat regarding the execution of sentence in another context, such as venue.  The law seeks symmetry in decision making, if possible.

The outcome of applying this rule requires transfer to the Northern District of California, the forum in which the disciplinary hearing was held and determined.  The undersigned recognizes the unusual circumstances of this case—petitioner was transferred from this district, the district in which the infraction took place (Mule Creek), to a prison within the Northern District (Soledad) before the disciplinary hearing could take place; the hearing ultimately took place in the transferee prison.  See ECF No. 10 at 3 (Relating that the hearing took place at Soledad).  Yet, the traditional rule which finds that a habeas case should be decided in the district where the hearing was held and "conviction" found, counsels in favor of a transfer in this case. Uniformity of outcome, including a venue context, is a desired goal.  This "conviction" should be reviewed in the district of conviction.[2]

////

---

[2] Even if the undersigned were wrong in his "conviction" analysis, the district of incarceration at the time the habeas was filed, and continuing to this day, is the state prison at Chino, CA in the Central District of California. The case would be transferred from this district in any event.

Accordingly, IT IS HEREBY ORDERED that:

1. This court has not ruled on petitioner's applications to proceed in forma pauperis (ECF Nos. 5, 11);

2. Petitioner's Second Amended Prisoner Civil Rights Complaint brought under 42 U.S.C. § 1983 (ECF No. 10) is properly construed as a habeas petition brought under 28 U.S.C. § 2254; and

3. This matter is transferred to the United States District Court for the Northern District of California.

Dated: November 14, 2019

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE